**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF OHIO**
**EASTERN DIVISION**

| | | |
|---|---|---|
| **SAMUEL MORSE**, on behalf of himself and all others similarly situated, | ) ) | |
| | ) | CASE NO. 2:20-cv-2173 |
| Plaintiff, | ) | |
| | ) | JUDGE |
| v. | ) | |
| | ) | MAGISTRATE JUDGE |
| **NTI SERVICES, CORP.**, | ) | |
| c/o Errol Hubbard | ) | **JURY DEMAND ENDORSED HEREON** |
| 7045 Calumet Ave. | ) | |
| Hammond, IN 46324 | ) | |
| | ) | |
| Defendant. | ) | |

## PLAINTIFF'S COLLECTIVE AND CLASS ACTION COMPLAINT FOR VIOLATIONS OF THE FAIR LABOR STANDARDS ACT AND OHIO LAW

### INTRODUCTION

Plaintiff, Samuel Morse ("Morse" or "Plaintiff"), individually and on behalf of other members of the general public similarly situated, for his complaint against Defendant, NTI Services Corporation ("NTI" or "Defendant"), for its failure to pay employees overtime wages seeking all available relief under the Fair Labor Standards Act of 1938 ("FLSA"), 29 U.S.C. §§ 201, *et seq.*, the Ohio Minimum Fair Wage Standards Act, O.R.C. 4111.03, and 4111.08 ("the Ohio Wage Act"); and the Ohio Prompt Pay Act ("OPPA"), Ohio Rev. Code § 4113.15 (the Ohio Wage Act and the OPPA will be referred to collectively as "the Ohio Acts"). The claims under the FLSA are brought as a collective action pursuant to 29 U.S.C. § 216(b); and the claims pursuant to O.R.C. § 4111.03, 4111.08, and the OPPA are brought as a class action pursuant to Rule 23. The following allegations are based on personal knowledge as to Plaintiff's own conduct and are made on information and belief as to the acts of others. Plaintiff, individually and on behalf of others similarly situated, hereby states as follows:

## JURISDICTION AND VENUE

1.      This Court has federal question jurisdiction over this action pursuant to 28 U.S.C. § 1331 and 29 U.S.C. § 216(b).

2.      Venue is proper in this forum pursuant to 28 U.S.C. § 1391 because Defendant employed the Plaintiff and others similarly situated in the Southern District of Ohio, a substantial part of the events or omissions giving rise to the claim occurred in the Southern District of Ohio, and Defendant conducts substantial business in the Southern District of Ohio.

3.      The Court has supplemental jurisdiction over the asserted state law claims pursuant to 28 U.S.C. § 1367 because the claims are so related to the FLSA claims as to form part of the same case or controversy.

## PARTIES

4.      During relevant times, Plaintiff has been an adult individual residing in this District and Division.

5.      At all relevant times, Plaintiff was an employee within the meaning of the FLSA and Ohio Acts.

6.      Plaintiff was employed by Defendant beginning in or around April of 2018 to August of 2018.

7.      Plaintiff primarily worked as a piece rate, non-exempt employee of Defendant as defined in the FLSA and Ohio Acts.

8.      At all relevant times, Plaintiff was employed as a cable installer and technician, whereby Plaintiff installed and serviced cable products.

9. Upon information and belief, Defendant is a foreign for-profit corporation that is registered to conduct business in Ohio. Upon information and belief, Defendant's principal place of business is located at 1234 Rankin Drive, Troy, MI 48083.

10. At all relevant times, Defendant conducted business in the Southern District of Ohio and throughout Ohio.

11. At all relevant times, Defendant was an employer of Plaintiff within the meaning of the FLSA and Ohio Acts.

12. Defendant operates and controls and enterprises and employs employees engaged in commerce or in the production of goods for commerce, or has had employees handling, selling, or otherwise working on goods or materials that have been moved in or produced for commerce by any person; and Defendant has had an annual gross volume of sales made or business done of not less than $500,000 per year (exclusive of excise taxes at the retail level).

13. At all times relevant hereto, Defendant was fully aware of the fact that it was legally required to comply with the wage and overtime laws of the United States and of the State of Ohio.

14. At all relevant times, Plaintiff was an employee engaged in commerce or in the production of goods for commerce within the meaning of the FLSA and Ohio Acts.

15. Plaintiff's consent is being filed along with this Complaint pursuant to 29 U.S.C. §216(b). (*Consent to be Party Plaintiff*, attached hereto as **Exhibit A**).

## FACTUAL ALLEGATIONS

16. Defendant is a Michigan corporation that does business in Ohio and engages in the installation and service of cable products.

17. Defendant was engaged as a contractor for WideOpenWest Finance, LLC ("WOW") in and around Columbus, Ohio. WOW hired Defendant to install and service WOW products.

18.    According to Defendant's website, "For Over 30 years, NTI Services, Corp. continues being one of the Midwest's leading providers of innovative technology solutions for local cable providers with pre and post home installations, commercial and MDU services."[1]

19.    In connection with its operations, Defendant employs non-exempt technician employees.

20.    Morse was employed by Defendant as a non-exempt employee in this District and Division.

21.    Plaintiff and the putative class and collective action members were employees that were paid at piece rates per job performed.

22.    Plaintiff and the putative class and collective action members regularly worked in excess of 40 hours per workweek as employees of Defendant, but they were not paid all overtime premium compensation owed to them under the FLSA by Defendant.

23.    Plaintiff and the putative class and collection action members (1) worked regular hours and overtime hours; and (2) were paid at piece rates per job performed, but they were not paid time and half at their regular rate of pay for all overtime hours worked for numerous reasons.

24.    First, Defendant did not properly calculate the overtime premium based upon the correct regular rate of pay.

25.    Second, Defendant made improper reductions in employees' compensable hours worked to reduce or eliminate overtime.

26.    Defendant improperly calculated Plaintiff's and the putative class and collective action members' regular rate for purposes of computing overtime compensation by not including the total earnings for the workweek in the regular rate calculation in violation of the FLSA. This improper

---

[1] https://ntiserv.com/about-us (last viewed 4/29//2020).

calculation resulted in a lesser overtime rate for Plaintiff's and the putative class and collective action members', which contributed to the underpayment of overtime compensation.

27.     "When an employee is employed on a piece-rate basis, the regular hourly rate of pay is computed by adding together total earnings for the workweek from piece rates and all other sources (such as production bonuses) and any sums paid for waiting time or other hours worked (except statutory exclusions)." *See* 29 C.F.R. § 778.111.

28.     "[The sum calculated above in #25] is then divided by the number of hours worked in the week for which such compensation was paid, to yield the pieceworker's 'regular rate' for that week." *See* 29 C.F.R. § 778.111.

29.     "For overtime work the pieceworker is entitled to be paid, in addition to the total weekly earnings at this regular rate for all hours worked, a sum equivalent to one-half this regular rate of pay multiplied by the number of hours worked in excess of 40 in the week." *See* 29 C.F.R. § 778.111.

30.     The Regulations require Defendant employer, in relevant part, to maintain and preserve payroll or other records of Plaintiff and the putative class and collective action member and to include: (1) the time of day and day of week on which the employee's workweek begins; (2) the regular hourly rate of pay for any workweek in which overtime compensation is due; (3) explain the basis of pay by indicating the monetary amount paid on a per hour, per day, per week, per piece, commission on sales, or other basis; (4) the amount and nature of each payment which is excluded from the regular rate of pay; (5) the hours worked each workday and total hours worked each workweek; total daily or weekly straight-time earnings or wages due for hours worked during the workday or workweek, exclusive of premium overtime compensation; and (6) the total premium pay for overtime hours, excluding the straight-time earnings. *See* 29 C.F.R. § 516.2.

31. Upon information and belief, Defendant failed to properly maintain Plaintiff's and the putative class's and collection action members' payroll or other records containing the information required in 29 C.F.R. § 778.111.

32. Defendant failed to accurately explain the basis of pay for Plaintiff and the putative class and collection action members.

33. Upon information and belief, Defendant failed to make, keep, and preserve records of the required and unpaid work performed by Plaintiff and other similarly situated employees.

## COLLECTIVE ACTION ALLEGATIONS

34. Plaintiff brings this action on his own behalf pursuant to 29 U.S.C. § 216(b) and on behalf of all other similarly situated persons who have been, are being, or will be adversely affected by Defendant's unlawful conduct.

35. The class which Plaintiff seeks to represent and to whom Plaintiff seeks the right to send "opt-in" notices for purposes of the collective action, and of which Plaintiff is himself a member, is composed of and defined as follows:

> **Any person currently or formerly employed by NTI as a technician at any location in the past three years to the present who was paid by piece-rate, in whole or in part, and worked over 40 per week during that period ("FLSA Collective" or "FLSA Collective Members")**

36. This action is maintainable as an "opt-in" collective action pursuant to 29 U.S.C. § 216(b) as to claims for unpaid overtime compensation, liquidated damages, attorneys' fees, and costs under the FLSA. In addition to Plaintiff, the FLSA Collective Members are similarly situated with regard to their claims for unpaid wages and damages. Plaintiff is representative of the FLSA Collective Members and is acting on behalf of their interests as well as his own in bringing this action.

37.     These FLSA Collective Members are known to Defendant and are readily identifiable through Defendant's payroll records. These individuals may readily be notified of this action and allowed to opt in pursuant to 29 U.S.C. § 216(b) for the purpose of collectively adjudicating their claims for unpaid overtime compensation, liquidated damages, attorneys' fees, and costs under the FLSA.

## OHIO CLASS ACTION ALLEGATIONS

38.     Plaintiff brings this action pursuant to Fed. R. Civ. P. 23(a) and (b)(3) on behalf of himself and all other current or former persons employed by Defendant within the last two years defined as:

> **All former and current hourly Ohio technician employees of NTI who: (1) were paid by piece-rate, in whole or in part; and (2) worked 40 or more hours in any workweek within two (2) years preceding the date of filing of this Complaint to the present ("Ohio Class" or "Ohio Class Members").**

39.     The class is so numerous that joinder of all class members is impracticable.

40.     There are questions of law or fact common to the Ohio Class, including: whether Defendant failed to properly keep time and payroll records of its employee technicians and whether Defendant properly calculated its employee technicians regular rates of pay for purposes of computing overtime compensation, which resulted in the underpayment of overtime.

41.     Plaintiff will adequately protect the interests of the Ohio Class. His interests are not antagonistic to but, rather, are in unison with the interests of the Ohio Class members. Plaintiff's counsel has broad experience in handling class action wage-and-hour litigation and are fully qualified to prosecute the claims of the Ohio Class in this case.

42.     The questions of law or fact that are common to the Ohio Class predominate over any questions affecting only individual members. The primary questions that will determine Defendant's

liability to the Ohio Class, listed above, are common to the class as a whole, and predominate over any questions affecting only individual class members.

43.     A class action is superior to other available methods for the fair and efficient adjudication of this controversy. Requiring Ohio Class members to pursue their claims individually would entail a host of separate suits with concomitant duplication of costs, attorneys' fees, and demands on court resources. Many Ohio Class members' claims are sufficiently small that they would be reluctant to incur the substantial cost, expense, and risk of pursuing their claims individually. Certification of this case pursuant to Fed. R. Civ. P. 23 will enable the issues to be adjudicated for all class members with the efficiencies of class litigation.

## COUNT ONE
### (FLSA – OVERTIME VIOLATIONS)

44.     Plaintiff incorporates by reference the foregoing allegations as if fully rewritten herein.

45.     Defendant's practice and policy of not paying Plaintiff and other similarly situated employees for all time worked and overtime compensation at a rate of one-and-one-half times their regular rate of pay for all hours worked over forty (40) each workweek violated the FLSA, 29 U.S.C. §§ 201-219.

46.     Defendant's failure to keep records of all hours worked for each workday and the total hours worked each workweek by Plaintiff and other similarly situated employees violated the FLSA, 29 U.S.C. §§ 201-219, 29 C.F.R. § 516.2(a)(7).

47.     Defendant's failure to keep records of the regularly hourly rate of pay for any workweek in which overtime compensation is due under section 7(a) of the Act; explain the basis of pay by indicating the monetary amount paid on a per hour, per day, per week, per piece, commission

on sales, or other basis; and the amount and nature of each payment which by Plaintiff and other similarly situated employees violated the FLSA, 29 U.S.C. §§ 201-219, 29 C.F.R. § 516.2(a)(6).

48.     By engaging in the above-mentioned conduct, Defendant willfully, knowingly, and/or recklessly violated provisions of the FLSA.

49.     As a result of Defendant's practices and policies, Plaintiff and other similarly situated employees have been harmed in that they have not received wages due to them pursuant to the FLSA, and because such wages remain unpaid, damages continue.

50.     For Defendant's violations, Plaintiff seeks unpaid overtime and other compensation, liquidated damages, interest and attorneys' fees, and all other remedies available, on behalf of himself and the FLSA Collective Members.

## COUNT TWO
## (OHIO WAGE ACT – OVERTIME VIOLATIONS)

51.     Plaintiff incorporates by reference the foregoing allegations as if fully rewritten herein.

52.     Defendant's practice of not properly calculating Plaintiff's and other similarly situated employees' regular rate of pay for purposes of computing overtime compensation, by failing including the total earnings for the workweek in the regular rate calculation, resulted in the underpayment of overtime in violation of Ohio law.

53.     As a result of Defendant's practices, Plaintiff and other similarly situated Ohio Class employees have been harmed in that they have not received wages due to them pursuant to Ohio's wage and hour laws, and because such wages remain unpaid, damages continue.

54.     For Defendant's violations of the Ohio Wage Act, Plaintiff seeks unpaid overtime and other compensation, liquidated damages, interest and attorneys' fees, and all other remedies available, on behalf of herself and the Ohio Class Members.

## COUNT THREE
### (OPPA VIOLATIONS)

55.     Plaintiff incorporates by reference the foregoing allegations as if fully rewritten herein.

56.     Plaintiff and the Ohio Class Members have been employed by Defendant.

57.     During relevant times, Defendant was an entity covered by the OPPA and Plaintiff and the Ohio Class Members have been employed by Defendant within the meaning of the OPPA.

58.     The OPPA requires that the Defendant pay Plaintiff's and the Ohio Class Members' all wages, including unpaid overtime, on or before the first day of each month, for wages earned by her during the first half of the preceding month ending with the fifteenth day thereof, and on or before the fifteenth day of each month, for wages earned by them during the last half of the preceding calendar month. *See* O.R.C. § 4113.15(A).

59.     During relevant times, Plaintiff and the Ohio Class Members were not paid all wages, including overtime wages at one and one-half times their regular rate within thirty (30) days of performing the work. *See* O.R.C. § 4113.15(B).

60.     Plaintiff's and the Ohio Class Members' unpaid wages remain unpaid for more than thirty (30) days beyond their regularly scheduled payday.

61.     In violating the OPPA, Defendant acted willfully and without a good faith basis and with reckless disregard of clearly applicable Ohio law.

## COUNT FOUR
### (RECORDKEEPING VIOLATIONS OF THE OHIO WAGE ACT)

62.     Plaintiff incorporates by reference the foregoing allegations as if fully rewritten herein.

63.     The Ohio Wage Act requires employers to maintain and preserve payroll or other records containing, among other things, the hours worked each workday and the total hours worked each workweek. *See* O.R.C. § 4111.08. *See also*, 29 C.F.R. §§ 516.2 *et seq.*

64.     During times material to this complaint, Defendant was a covered employer and was required to comply with the Ohio Wage Act's mandates.

65.     Plaintiff and the Ohio Class Members were covered employee entitled to the protection of the Ohio Wage Act.

66.     During times material to this complaint, Defendant violated the Ohio Wage Act with respect to Plaintiff and the Ohio Class Members by failing to properly maintain accurate records of all hours Plaintiff and the Ohio Class Members worked each workday and within each workweek.

67.     In violating the Ohio Wage Act, Defendant acted willfully and with reckless disregard of clearly applicable Ohio Wage Act provisions.

## **PRAYER FOR RELIEF**

**WHEREFORE**, as to **Count I**, Plaintiff and the FLSA Collective Members pray for an Order as follows:

A.     Certifying the proposed FLSA collective action;

B.     Directing prompt issuance of notice pursuant to 29 U.S.C. § 216(b) to the 216(b) Class apprising them of the pendency of this action, and permitting them to timely assert their rights under the FLSA and pursuant to 29 U.S.C. § 216(b);

C.     A declaratory judgment that Defendant's payroll policies or practices as described herein violate the FLSA;

D.     Judgment against Defendant for damages for all unpaid overtime compensation owed to Plaintiff and the FLSA Collective Members during the applicable statutory period under the FLSA 29 U.S.C. § 201, *et seq.,* and attendant regulations at 29 C.F.R. § 516 *et seq.*;

E.     Judgment against Defendant for liquidated damages pursuant to the FLSA, 29 U.S.C. § 201, *et seq.,* and attendant regulations at 29 C.F.R. § 516 *et seq.*, in an amount equal to all unpaid overtime compensation owed to Plaintiff and the FLSA Collective Members during the applicable statutory period;

F.     Directing Defendant to pay reasonable attorney's fees and all costs connected with this action;

G.     Leave to add additional plaintiffs by motion, the filing of written consent forms, or any other method approved by the Court;

H.     Judgment for all civil penalties to which Plaintiff and the FLSA Collective Members employees may be entitled; and

I.     Such other and further relief as to this Court may deem necessary, just or proper.

**WHEREFORE**, as to **Counts II**, **III**, and **IV**, Plaintiff and the Ohio Class Members request judgment against Defendant for violations of the Ohio Acts, and for an Order:

J.     Awarding to the Named Plaintiff and the Ohio Class Members unpaid compensation, including overtime wages as to be determined at trial together with any liquidated damages allowed by the Ohio Acts;

K.     Finding that Defendants failed to keep accurate records in accordance with Ohio Law, and Plaintiff, the FLSA Collective Members, and the Ohio Class Members are entitled to prove their hours worked with reasonable estimates;

L.      Awarding Plaintiff and the Ohio Class Members costs and disbursements and reasonable allowances for fees of counsel and experts, and reimbursement of expenses;

M.      Awarding Plaintiff and the Ohio Class Members such other and further relief as the Court deems just and proper;

N.      Awarding judgment against Defendant for liquidated damages pursuant to the OPPA in an amount equal to six percent (6%) of all unpaid overtime compensation owed to the Plaintiff and the Ohio Class Members during the applicable statutory period; and

O.      Issuing an injunction prohibiting Defendant from engaging in present, ongoing and future violations of the Ohio Acts.

Respectfully submitted,

**COFFMAN LEGAL, LLC**

*/s/ Matthew J.P. Coffman*
Matthew J.P. Coffman (0085586)
1550 Old Henderson Road, Suite 126
Columbus, Ohio 43220
Phone: 614-949-1181
Fax: 614-386-9964
Email: mcoffman@mcoffmanlegal.com

*Attorney for Plaintiff and those similarly situated*

## JURY DEMAND

Plaintiff demands a trial by jury.

*/s/ Matthew J.P. Coffman*
Matthew J.P. Coffman