**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF OHIO**
**EASTERN DIVISION**

**SAMUEL MORSE,**
**Individually and on Behalf of All**
**Others Similarly Situated,**

      **Plaintiffs,**

   v.                           **Case No.: 2:20-cv-2173**
                                 **JUDGE EDMUND A. SARGUS, JR.**
                                 **Magistrate Judge Elizabeth Preston Deavers**

**NTI SERVICES, CORPORATION,**

      **Defendant.**

**OPINION AND ORDER**

This matter is before the Court on Plaintiff Samuel Morse's ("Plaintiff") and Defendant NTI Services, Corporation's ("Defendant") Joint Stipulation to Conditional Class Certification and Court-Supervised Notice to Potential Opt-In Plaintiffs. (ECF No. 10). For the following reasons, the joint stipulation (ECF No. 10) is **GRANTED**.

**I.**

Plaintiff filed the present suit pursuant to the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 201, *et seq.*, the Ohio Minimum Fair Wage Standards Act, Ohio Revised Code Chapter 4111, *et seq.*, and the Ohio Prompt Pay Act, Ohio Revised Code Chapter 4113, *et seq.* Plaintiff seeks to recover unpaid overtime wages from Defendant for certain former and current cable technicians and installers who worked in excess of forty hours per week from April 29, 2017, through the date of final disposition of this case.

According to the Complaint, WideopenWest Finance, LLC ("WOW") hired Defendant as a contractor to install and service WOW products. (Compl. ¶ 17, ECF No. 1.) In connection with

these operations, Defendant employed technician employees.  (*Id.* ¶ 19.)  Defendant employed Plaintiff as a cable installer and technician, a non-exempt employee.  (*Id.* ¶ 8, 20.)  Plaintiff and other cable technicians and installers were paid at piece rates per job performed.  (*Id.* ¶ 21.)

Plaintiff alleges he regularly worked over 40 hours per week but was not paid all overtime premium compensation owed to him under the FLSA.  (*Id.* ¶ 23.)  This is true for the other cable technicians as well. (*See id.*)  Plaintiff asserts that "Defendant improperly calculated Plaintiff's and the putative class and collective action members' regular rate for purposes of computing overtime compensation by not including the total earnings for the workweek in the regular rate calculation in violation of the FLSA."  (*Id.* ¶ 26.)  Plaintiff contends "[t]his improper calculation resulted in a lesser overtime rate for Plaintiff's and the putative class and collective action members', which contributed to the underpayment of the overtime compensation."  (*Id.*)

The parties seek to have the Court certify the following class:

> All current and former cable technicians and/or installers of NTI Services, Corp. who, following introductory training, worked over 40 hours in any workweek beginning April 29, 2017 through the date of final disposition in this case.

(Joint Stipulation Conditional Class Certification & Court Supervised Notice Potential Op-In Pls. ¶ 3, ECF No. 10, hereinafter "Joint Stip.")  The parties also jointly submit a proposed Notice and Consent to Join packet of forms (the Notice Packet) for the Court to authorize.  (*Id.* ¶ 1; Ex. A.)  The parties maintain that by September 1, 2020, or within 3 business days of the Court's entry of an Order approving this stipulation, Defendant shall provide Plaintiff's counsel with a list of names and addresses of the employees in the conditional class.  (*Id.* ¶ 2.)  Next, the parties maintain Plaintiff's counsel will mail the Notice Packet to the conditional class members within 7 days of receiving the list.  (*Id.* ¶ 3.)  The conditional class members shall have 75 days from receiving the Notice Packet to join the case.  (*Id.*)

Additionally, the parties contend neither party shall contact the class members to discuss the subject matter of their participation in the lawsuit through the end of the opt-in period, unless it is solely for purposes of determining a new mailing address or to respond to an inquiry from the putative class member.  (*Id.* ¶ 4.)  Plaintiff's counsel may contact the collective action members after they have opted in and nothing in the parties' agreement shall be construed as a prohibition on Defendant's interactions with any potential op-in plaintiffs in the normal course of its business.  (*Id.* ¶ 5.)  Finally, the parties acknowledge that Defendant disputes the characterization of "piece meal" as proper to how the technicians were paid.  (*Id.* ¶ 6.)  Defendant reserves the right, along with other defenses, to assert its technicians were paid commissions and are exempt, to object to final certification, to move to de-certify the class, or to object to Plaintiff's ability to represent the class following the completion of discovery.  (*Id.*)

## II.

The parties move for conditional certification under 29 U.S.C. § 216(b).  Section 216(b) of the FLSA provides:

> Any employer who violates the [minimum wage or overtime provisions of this title] shall be liable to the employee or employees affected in the amount of their unpaid minimum wages, or their unpaid overtime compensation, as the case may be, and in an additional equal amount as liquidated damages. . . .  An action to recover [this] liability . . . may be maintained against any employer (including a public agency) in any Federal or State court of competent jurisdiction by any one or more employees for and in behalf of himself or themselves and other employees similarly situated.

29 U.S.C. § 216(b).  The Sixth Circuit has interpreted this provision as establishing two requirements for a representative action under the FLSA: Plaintiffs must (1) "actually be 'similarly situated;'" and (2) "must signal in writing their affirmative consent to participate in the action." *Comer v. Wal-Mart Stores, Inc.*, 454 F.3d 544, 546 (6th Cir. 2006) (quoting 29 U.S.C. § 216(b)).

"For FLSA collective actions, class certification typically occurs in two stages: conditional

3

and final certification." *Frye v. Baptist Mem'l Hosp., Inc.*, 495 F. App'x 669, 671 (6th Cir. 2012). Conditional certification occurs at the beginning of discovery. *Comer*, 454 F.3d at 546. This "notice stage" focuses on whether there are plausible grounds for the claims. *Cornell v. World Wide Bus. Servs. Corp.*, No. 2:14-CV-27, 2015 WL 6662919, at *1 (S.D. Ohio Nov. 2, 2015).

In order to obtain conditional certification a plaintiff need only show that "his position is similar, not identical, to the positions held by the putative class members." *Comer*, 454 F.3d at 546–47 (citing *Pritchard v. Dent Wizard Int'l*, 210 F.R.D. 591, 595 (S.D. Ohio 2002)). "The [FLSA] does not define 'similarly situated,' and neither has [the Sixth Circuit]." *O'Brien v. Ed Donnelly Enters., Inc.*, 575 F.3d 567, 584 (6th Cir. 2009) *abrogated on other grounds by Campbell-Ewald Co. v. Gomez*, 136 S. Ct. 663, 669 (2016), *as revised* (Feb. 9, 2016). Although courts are split as to what exactly a plaintiff must show at this stage, this Court has held that courts should not grant conditional certification "unless the plaintiff presents some evidence to support her allegations that others are similarly situated." *Harrison v. McDonald's Corp.*, 411 F. Supp. 2d 862, 868 (S.D. Ohio 2005). "The Court should consider 'whether potential plaintiffs were identified; whether affidavits of potential plaintiffs were submitted; whether evidence of a widespread discriminatory plan was submitted, and whether as a matter of sound class management, a manageable class exists.'" *Lewis v. Huntington Nat'l Bank*, 789 F. Supp. 2d 863, 868 (S.D. Ohio 2011) (quoting *Heaps v. Safelite Solutions, LLC*, No. 10-CV-729, 2011 WL 1325207, at *2 (S.D. Ohio Dec. 22, 2011)).

"District courts use a 'fairly lenient standard' that 'typically results in conditional certification of a representative class' when determining whether plaintiffs are similarly situated during the first stage of the class certification process." *White v. Baptist Mem'l Health Care Corp.*,

4

699 F.3d 869, 877 (6th Cir. 2012) (quoting *Comer*, 454 F.3d at 547). Certification at this stage "is conditional and by no means final." *Comer*, 454 F.3d at 546.

If plausible grounds exist and conditional certification is granted, "plaintiffs are permitted to solicit opt-in notices, under court supervision, from current and former employees." *Cornell*, 2015 WL 6662919 at *1. Final certification occurs after all class plaintiffs have opted in and discovery has concluded. *Comer*, 454 F.3d at 546. "At this stage, 'trial courts examine more closely the question of whether particular members of the class are, in fact, similarly situated.'" *Rutledge v. Claypool Elec., Inc.*, No. 2:12-CV-159, 2012 WL 6593936, at *3 (S.D. Ohio Dec. 17, 2012) (quoting *Comer*, 454 F.3d at 547), *report and recommendation adopted by* No. 2:12-CV-159, 2013 WL 435058 (S.D. Ohio Feb. 5, 2013). Courts employ a stricter standard to determine if class plaintiffs are "similarly situated" because they have access to more information on which they can rely than they did at the conditional certification stage. *Comer*, 454 F.3d at 547 (citing *Morisky v. Pub. Serv. Elec. & Gas Co.*, 111 F. Supp. 2d 493, 497 (D.N.J. 2000)). "Plaintiffs generally must produce 'more than just allegations and affidavits' demonstrating similarity in order to achieve final certification." *Frye*, 495 F. App'x at 671 (6th Cir. 2012) (quoting *Morgan v. Family Dollar Stores, Inc.*, 551 F.3d 1233, 1261 (11th Cir. 2008)). Finally, a defendant "may file a motion to decertify the class [at this stage] if appropriate to do so based on the individualized nature of the plaintiff's claims." *Swigart v. Fifth Third Bank*, 276 F.R.D. 210, 213 (S.D. Ohio 2011) ("*Swigart I*").

**III.**

The parties have moved for conditional class certification and court-supervised notice for:

> All current and former cable technicians and/or installers of NTI Services, Corp. who, following introductory training, worked over 40 hours in any workweek beginning April 29, 2017 through the date of final disposition in this case.

(Joint Stip. ¶ 2.). In addition, the parties ask the Court to approve their Notice Packet. (*Id.* ¶ 3.) If the Court approves such class and Notice Packet, Defendant will produce a list of names and address of employees in the putative class by September 1, 2020, or within 3 days of the Court's order, whichever is later. (*Id.* ¶2.) Additionally, Plaintiff's counsel will mail the Notice Packets within 7 days of receiving the list. (*Id.* ¶ 3.)

### 1. Stipulated Certification of Conditional Class Certification

At this juncture, Plaintiff has satisfied his light burden in showing that he is similarly situated to the putative plaintiffs whom he seeks to represent in this matter. Accordingly, the Parties' Joint Stipulation to certify the conditional class is **APPROVED**.

### 2. The Notice Packet

If a court conditionally certifies an FLSA class, notice is distributed to the class, putative class members return the opt-in forms sent to them, and the parties conduct discovery. *Myers* 201 F. Supp. 3d at 890; *Atkinson v. TeleTech Holdings, Inc.*, 3:14-CV-253, 2015 WL 853234, at *4 (S.D. Ohio Feb. 26, 2015). The United States Supreme Court determined that notice should be sent in the early stages of litigation, noting the "wisdom and necessity" of early court involvement in managing opt-in cases and facilitating notice. *Hoffmann-La Roche Inc. v. Sperling*, 493 U.S. 165, 171 (1989). The notice must be "timely, accurate, and informative." *Id.* at 166. The Court finds that the Notice Packet provides a fair and accurate description of the class. The Notice Packet is **APPROVED**. Additionally, the parties' request the Defendant be required to produce employees' names and contact information and that Plaintiff be required to mail the Notice Packets is **APPROVED**.

**3. Seventy-Five-Day Opt-In Period**

"There is no hard and fast rule controlling the length of FLSA notice periods." *Ganci v. MBF Inspection Servs., Inc.*, No. 2:15-CV-2959, 2016 WL 5104891, at *2 (S.D. Ohio Sept. 20, 2016). Courts in this District have exercised their discretion and found appropriate opt-in periods lasting anywhere from forty-five to ninety days, depending on the circumstances. *Compare Snelling v. ATC Healthcare Servs., Inc.*, No. 2:11-CV-00983, 2013 WL 1386026, at *6, n.3 (S.D. Ohio Apr. 4, 2013), *with Atkinson v. TeleTech Holdings, Inc.*, No. 3:14-CV-253, 2015 WL 853234, at *1 (S.D. Ohio Feb. 26, 2015). Accordingly, of the parties proposed seventy-five-day opt-in period is **APPROVED**.

**IV.**

Based on the foregoing, the parties Joint Stipulation to Conditional Class Certification and Court-Supervised Notice to Potential Opt-In Plaintiffs (ECF No. 10) is **GRANTED**. The Court approves of the parties proposed documents, proposed methods of delivery, proposed time-frame, and proposed actions on behalf of each party in providing contact information and mailing the Notice Packets.

**IT IS SO ORDERED.**

**9/9/2020**  s/Edmund A. Sargus, Jr.
**DATE**  **EDMUND A. SARGUS, JR.**
**UNITED STATES DISTRICT JUDGE**