**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF OHIO**
**EASTERN DIVISION**

| | | |
|---|---|---|
| **SAMUEL MORSE**, on behalf of himself and all others similarly situated, | ) ) ) | |
| | ) | **CASE NO. 2:20-cv-2173** |
| Plaintiff, | ) ) | **JUDGE EDMUND A. SARGUS JR.** |
| v. | ) ) | **MAGISTRATE JUDGE ELIZABETH** |
| **NTI SERVICES, CORP.**, | ) | **PRESTON DEAVERS** |
| | ) | |
| Defendant. | ) | |

**JOINT MOTION FOR APPROVAL OF FLSA COLLECTIVE ACTION SETTLEMENT**

Plaintiff Samuel Morse ("Representative Plaintiff" or "Morse") and Defendant NTI Services Corp. ("Defendant" or "NTI") (collectively, the "Parties") respectfully move this Court for an Order approving their Fair Labor Standards Act ("FLSA") settlement. The settlement was reached by experienced wage and hour counsel during arms-length, good faith negotiations with the assistance of a private mediator.

For this Joint Motion For Approval Of FLSA Collective Action Settlement, the following documents are submitted for the Court's approval:

Exhibit 1: Confidential Settlement Agreement and Release of Claims with the following Exhibits:

Exhibit A: Proposed Order Granting Approval of FLSA Settlement; and

Exhibit B: Notice of Collective Action Settlement.

Exhibit 2: Declaration of Matthew J.P. Coffman.

01367628v1

<u>**MEMORANDUM IN SUPPORT**</u>

I.     <u>**FACTUAL AND PROCEDURAL BACKGROUND.**</u>

     A.    <u>Summary of the Claims and Procedural History</u>.

On April 29, 2020, Representative Plaintiff filed this case (the "Lawsuit" or the "Action") against NTI on behalf of himself and other similarly situated current and former cable technicians and/or installers.  (ECF No. 1 at ¶¶ 34-37).

In the Action, Representative Plaintiff alleges that Defendant failed to pay cable technicians and/or installers the full and proper overtime premium for all hours worked in excess of 40 hours in a workweek in violation of the Fair Labor Standards Act, § 201 *et seq.* ("FLSA"). Specifically, Representative Plaintiff alleges that NTI violated the FLSA by paying them on a piece-rate basis but either 1) not paying an additional overtime premium or 2) not paying the proper overtime premium for all hours worked over 40 in a workweek. (ECF No. 1 at ¶¶ 17-33). Defendant denies these allegations and asserts that it properly paid cable technicians and/or installers, including Representative Plaintiff, for all hours worked.

On August 4, 2020, the Parties filed a Joint Stipulation to Conditional Class Certification and Court-Supervised Notice to Potential Opt-In Plaintiffs Pursuant to 29 U.S.C. §216(b) ("Joint Stipulation").  (ECF No. 10).  On September 9, 2020, the Court granted the Parties' Joint Stipulation.  (ECF No. 13). Thereafter, notice was issued to approximately 140 current or former employees. (Coffman Decl. ¶ 11). Following the notice period, 17 cable technicians and/or installers filed consents to join the collective action ("Opt-In Plaintiffs")[1], thus, when including

---

[1] The Opt-In Plaintiffs are as follows: Jon Sanchez, Frank Volante, Jamison Franks, Dalton DeSouza, Kevin Thompson, Barrington Bowford, Abelardo Garcia, Matthew Hedrick, Zachary Setlak, Eugene DeLeon, Timothy Perry, Fredy Perez, Brandon Drake, Rodrique Henry, Nicholaus Samuels, Marso Jimenez, and Nick Blackwell.

Representative Plaintiff (collectively Representative Plaintiff and all Opt-In Plaintiffs hereinafter referred to as "Plaintiffs"), a total of 18 Plaintiffs. (*Id.*).

The Parties mediated this case with David A. Wallace on June 16, 2021. Prior to the mediation, NTI provided payroll and timekeeping records for Plaintiffs. Plaintiffs' Counsel performed a damages analysis using data provided by Defendants together with information gathered through discussions with Plaintiffs. After a full day of mediation and subsequent settlement negotiations thereafter, the Parties were able to agree to a settlement of Plaintiffs' claims. (Coffman Decl. ¶¶ 12-14).

      C.    <u>Summary of the Key Settlement Terms</u>.

The total settlement amount is $150,000.00. This amount includes: (a) all individual settlement payments to 18 FLSA Collective Class Members including Representative Plaintiff; (b) a service award of $5,000 to Representative Plaintiff for his services in bringing and prosecuting this Action; (c) Plaintiffs' Counsel's attorney fees and litigation expenses; and (d) the cost of settlement administration. (Coffman Decl. ¶ 16).

A Settlement Notice (attached to the Agreement) will be sent to the FLSA Collective Class Members with their settlement payments.

The Parties dispute whether the Plaintiffs were exempt or non-exempt employees, whether Plaintiffs were properly paid overtime, and how much overtime work was performed. The individual settlement payments, even after deducting attorney fees, costs, and the individual class representative fee, presently reflect that FLSA Collective Class Members can claim approximately 100% of their calculated overtime damages based on seven (7) hours of overtime for each workweek they worked 40 or more hours. The average settlement payment is in excess of

3

$4,400.00. This type of allocation is commonly used in collective action settlements.  (Coffman Decl. ¶ 20).

In exchange for the total settlement amount payment and other consideration provided for in the Agreement, this Lawsuit will be dismissed with prejudice, and the FLSA Collective Class Members (including the Representative Plaintiffs and Opt-In Plaintiffs) will release Defendant from all federal, state, and local wage-and-hour claims, rights, demands, liabilities and causes of action that were asserted, or could have been asserted, in the Lawsuit.  (Coffman Decl. ¶ 21).

## II.   PROPRIETY OF APPROVAL OF THE SETTLEMENT.

The Settlement is subject to approval by the Court pursuant to § 216(b) of the FLSA. Court approval is warranted on all scores.

### A.   The Seven-Factor Standard is Satisfied.

The court presiding over an FLSA action may approve a proposed settlement of the action under the FLSA § 216(b) "after scrutinizing the settlement for fairness." *Landsberg v. Acton Ents., Inc.*, 2008 WL 2468868 at *1 n.1 (S.D. Ohio June 16, 2008) (quoting *Lynn's Food Stores, Inc. v. United States*, 679 F.2d 1350, 1353–55 (11th Cir. 1982) (the court should determine whether the settlement is "a fair and reasonable resolution of a bona fide dispute") (citing *Schulte, Inc. v. Gangi*, 328 U.S. 108, 66 S. Ct. 925, 928 n.8 (1946))).

As a district court in the Sixth Circuit has observed, "[t]he need for the court to ensure that any settlement of [an FLSA] action treats the plaintiffs fairly is similar to the need for a court to determine that any class-action settlement is 'fair, reasonable, and adequate.'" *Crawford v. Lexington-Fayette Urban County Gov't*, 2008 WL 4724499, at *3 (E.D. Ky. Oct. 23, 2008). The Sixth Circuit uses seven factors to evaluate class action settlements, which are:

(1) the risk of fraud or collusion; (2) the complexity, expense and likely duration of the litigation; (3) the amount of discovery engaged in by the parties; (4) the likelihood of success on the merits; (5) the opinions of class counsel and class representatives; (6) the reaction of absent class members; and (7) the public interest.

*UAW v. Gen. Motors Corp.*, 497 F.3d 615, 631 (6th Cir. 2007) (citing *Granada Invs., Inc. v. DWG Corp.*, 962 F.2d 1203, 1205 (6th Cir. 1992); *Williams v. Vukovich*, 720 F.2d 909, 922–23 (6th Cir. 1983)), *Crawford*, 2008 WL 4724499 at *3.

The settlement in this Action satisfies each of these elements.

        1.    *No Indicia of Fraud or Collusion Exists.*

There is no indicia of fraud or collusion, and "[c]ourts presume the absence of fraud or collusion unless there is evidence to the contrary." *Bailey v. Black Tie Mgmt. Co. LLC*, No. 2:19-cv-1677, 2020 WL 4673163, at *2 (S.D. Ohio Aug. 12, 2020) (quoting *IUE-CWA v. Gen. Motors Corp.*, 238 F.R.D. 583, 598 (E.D. Mich. 2006)).  The Agreement was achieved only after arm's-length and good faith negotiations between the Parties, with the assistance of a neutral mediator. (Coffman Decl. ¶ 22).  As such, there is no indicia of fraud or collusion, and this factor favors approval of the settlement.

        2.    *The Complexity, Expense and Likely Duration of Continued Litigation Favor Approval.*

The policy favoring the settlement of collective actions and other complex cases applies with particular force here. Employment cases in general, and wage-and-hour cases in particular, are expensive and time-consuming. *See, Wright v. Premier Courier, Inc.*, No. 2:16-cv-420, 2018 WL 3966253, at *3 (S.D. Ohio Aug. 17, 2018) ("[m]ost class actions are inherently complex and settlement avoids the costs, delays, and multitude of other problems associated with them") (citations omitted).

If this Action had not settled, the Parties would be required to engage in costly litigation, such as depositions, dispositive motions, trial, and potential appeals.  The Settlement, on the other hand, provides substantial relief to the FLSA Collective Class Members promptly and efficiently, and amplifies the benefits of that relief through the economies of class resolution. (Coffman Decl. ¶ 28).

3.    *Investigation Was Sufficient to Allow the Parties to Act Intelligently*.

The Parties engaged in substantial investigation and analysis prior to negotiating the Settlement. Specifically, Defendant produced all necessary payroll and timekeeping information for the FLSA Collective Class Members. Plaintiffs' Counsel performed a damages analysis using data provided by Defendant together with information gathered through discussions with Plaintiffs. (Coffman Decl. ¶¶ 12-13).

In addition, the Parties assessed their potential risk of loss. Thus, the legal and factual issues in the case were thoroughly researched by counsel for the Parties, and all aspects of the dispute are well-understood by both sides.

4.    *The Risks of Litigation Favor Approval*.

The settlement represents a compromise of disputed claims.  Specifically, Representative Plaintiff alleges that he and other cable technicians and/or installers were not properly paid overtime compensation for the overtime work they performed. On the other hand, Defendant claims these employees were exempt employees not subject to overtime compensation, or in the alternative, that they were fully compensated for all time worked, including overtime.  (Coffman Decl. ¶ 24).

The Parties also disagree about whether the two-year limitations period for non-willful violations or three-year limitations period for willful violations applies, whether liquidated

6

damages are appropriate, and whether the claims alleged can proceed collectively or individually. (*Id.*).

Accordingly, if this Action had not settled, it is possible that there would be no recovery for the FLSA Collective Class Members at all.

> 5.   *The Opinion of Plaintiffs' Counsel Favor Approval.*

Plaintiffs' Counsel is highly experienced in wage-and-hour collective and class actions. At all times, they have acted in good faith and have vigorously representative the interests of the FLSA Collective Class Members. Importantly, Plaintiffs' Counsel opined that the settlement is fair, reasonable, adequate, and in the best interests of *See, Wright v. Premier Courier, Inc.*, No. 2:16-cv-420, 2018 WL 3966253, at *3 (S.D. Ohio Aug. 17, 2018) (Coffman Decl. ¶ 15, 24). "The recommendation of Class Counsel, skilled in class actions and corporate matters, that the Court should approve the Settlement is entitled to deference." *Wright*, 2018 WL 3966253, at *5. Accordingly, this factor favors approval of the settlement.

> 6.   *The Reaction of Absent Class Members.*

If the Court approves the settlement, the FLSA Collective Class Members will receive the Settlement Notice and settlement payment that will average over $4,400. Only those FLSA Collective Class Members that negotiate their settlement checks will be bound by the Agreement. Those that do not join the settlement will retain the right to pursue their own claims. (Coffman Decl. ¶ 19).

> 7.   *The Public Interest.*

"Public policy generally favors settlement of class action lawsuits." *Wright*, 2018 WL 3966253, at *5 (quoting *Hainey v. Parrott*, 617 F. Supp.2d 668, 679 (S.D. Ohio 2007)). Like in *Wright*, "the settlement confers immediate benefits on the Eligible Settlement Participants, avoids

the risks and expense in further litigation, and conserves judicial resources." *Id.* Thus, as in *Wright*, the Court should find that this factor supports approval of the Settlement.

      B.     <u>The Settlement Distributions Are Fair, Reasonable and Adequate</u>.

In addition to evaluating the seven factors discussed above, the Court must also "ensure that the distribution of the settlement proceeds is equitable." *Feiertag v. DDP Holdings, LLC*, No. 14-CV-2643, 2016 WL 4721208, at *6 (S.D. Ohio Sep. 9, 2016) (citations omitted).

      1.     *The Individual Payments are Reasonable and Adequate*.

As part of their pre-mediation evaluation, Plaintiffs' Counsel discussed the duties performed and hours worked by Plaintiffs. Damages were calculated based on the additional overtime hours worked by the cable technicians and/or installers. The individual settlement payments reflect approximately 100% of the unpaid overtime damages if the FLSA Collective Class Members worked 7 hours of overtime each workweek they worked 40 or more hours. This amount of time was settled upon as reasonable based on the information learned before and during mediation, settlement discussions, and informal discovery. (Coffman Decl. ¶ 20).

All individual payments will be calculated based on the number of workweeks of 40 or more hours the FLSA Collective Class Members worked. (Coffman Decl. ¶ 20). As such, each FLSA Collective Class Member will have the opportunity to obtain compensation for alleged unpaid wages that are proportional to the amount of time he or she was employed by Defendants within the period of time covered by the settlement and worked 40 or more hours in a workweek.

      2.     *Representative Plaintiff's Service Award is Proper and Reasonable.*

The Agreement provides for a service award of $5,000 to Representative Plaintiff, in addition to his individual payment. (Coffman Decl. ¶ 17). Courts routinely approve service awards to named plaintiffs in class and collective action litigation, because service awards "are efficacious

ways of encouraging members of a class to become class representatives and rewarding individual efforts taken on behalf of the class." *Ganci v. MBF Insp. Servs.*, No. 2:15-cv-2959, 2019 WL 6485159, at *8 (S.D. Ohio Dec. 3, 2019) (quoting *Hadix v. Johnson*, 322 F.3d 895, 897 (6th Cir. 2003)). *See also*, *Shane Group, Inc.*, 833 Fed.Appx. at 431. Service awards are meant to "compensate named plaintiffs for the services they provided and the risks they incurred during the course of the class action litigation." *Ganci*, 2019 WL 6485159, at *8 (quoting *Dillworth v. Case Farms Processing, Inc.*, No. 5:08-cv-1694, 2010 WL 776933, at *7 (N.D. Ohio Mar. 8, 2010)).

Here, the Representative Plaintiff contributed significant time, effort, and detailed factual information enabling Plaintiffs' Counsel to evaluate the strength of this case and reach a settlement of this matter.  In addition, Representative Plaintiff was involved in preparing for the mediation and subsequent settlement negotiations and was instrumental in the prosecution of this case. (Coffman Decl. ¶ 17).

   3. *The Attorney Fees to Plaintiffs' Counsel Are Proper and Reasonable.*

After the Court has confirmed that the terms of settlement are fair to the FLSA Collective Class Members, it may review the Agreement as to the provision of fees and litigation expenses to Plaintiffs' Counsel.

The FLSA provides that a Court "shall, in addition to any judgment awarded to the plaintiff or plaintiffs, allow a reasonable attorney's fee to be paid by the defendant, and the costs of the action." 29 U.S.C. § 216(b). In *Fegley v. Higgins*, 19 F.3d 1126, 1134 (6th Cir.1994), *cert. denied*, 513 U.S. 875 (1994), the Sixth Circuit held that the FLSA's mandatory attorney fee provision "insure[s] effective access to the judicial process by providing attorney fees for prevailing plaintiffs with wage and hour grievances," and thus "encourage[s] the vindication of congressionally identified policies and rights." *Fegley*, 19 F.3d at 1134 (quoting *United Slate, Tile*

9

& *Composition Roofers, Damp and Waterproof Workers Ass'n, Local 307 v. G&M Roofing & Sheet Metal Co.*, 732 F.2d 495, 502 (6th Cir.1984)).

The Agreement provides a payment of attorneys' fees to Plaintiffs' Counsel in the amount of one-third of the total settlement amount, or $50,000.00. A one-third fee award is "typical for attorney's fees in common fund, FLSA collective actions in this District…" *Hebert v. Chesapeake Operating, Inc.*, Case No. 2:17-cv-852, 2019 WL 4574509 at *5-8 (S.D. Ohio Sept. 20, 2019) (J. Morrison). This "is a normal fee amount in a wage and hour case." *Brandenburg v. Cousin Vinny's Pizza, LLC*, No. 3:16-cv-516, 2019 WL 6310376, *5 (S.D. Ohio Nov. 25, 2019) (citing *Carr v. Bob Evans Farms, Inc.*, No. l:17-cv-1875, 2018 WL 5023950 at *4 (N.D. Ohio July 27, 2018)); *Estate of McConnell v. EUBA Corp.*, No. 3:18-cv-355, 2021 WL 1966062, *5-7 (S.D. Ohio May 17, 2021).

Plaintiffs' Counsel accepted this case on a contingent fee basis and advanced all litigation fees, costs and expenses. Thus, Plaintiffs' Counsel "assumed a real risk in taking on this case, preparing to invest time, effort, and money over a period of years with no guarantee of recovery. This factor weighs in favor of approving the requested fee award." *Ganci*, 2019 WL 6485159, at *8 (further citation omitted).

Finally, courts in this district acknowledge that "wage and hour class and collective actions, such as this, are inherently complex and time-consuming." *Brandenburg*, 2019 WL 6310376, *3. Given the inherent complexity of a wage and hour collective action and the disputed issues of fact and law in this case, an award of one-third of the settlement fund appropriately compensates Plaintiff's counsel for their prosecution of this case and advances the public's interests in rewarding attorneys who bring wage and hour cases. *See, e.g., Gentrup v. Renovo Servs., LLC*, No.

1:07CV430, 2011 WL 2532922, at *4 (S.D. Ohio June 24, 2011) ("society has a stake in rewarding the efforts of the attorneys who bring wage and hour cases, as these are frequently complex matters.").

>    4.    *The Court Should Authorize Reimbursement to Plaintiffs' Counsel of Their*
>          *Out-of-Pocket Expenses Incurred In This Case.*

Plaintiffs' Counsel should also be reimbursed their litigation expenses, which as of the date of this Joint Motion are $976.05.

"Under the common fund doctrine, Class Counsel is entitled to reimbursement of all reasonable out-of-pocket expenses and costs incurred in the prosecution of claims and in obtaining settlement." *Brandenburg*, 2019 WL 6310376, *7. In fact, "[e]xpense awards are customary when litigants have created a common settlement fund for the benefit of a class." *Id.* Because Plaintiffs' Counsel's litigation expenses were incurred in the prosecution of the claims in this case and in obtaining settlement, the Court should award reimbursement of these expenses to Plaintiffs' Counsel.

## III.    CONCLUSION.

The Parties submit that this settlement is a fair and reasonable resolution of the disputed issues, which is consistent with the goal of securing the just, speedy, and inexpensive determination of every action. Accordingly, the Parties request that this Court: (1) enter the proposed Order Granting Approval of FLSA Settlement; (2) approve Plaintiffs' Counsel's request for attorney fees and expenses; (3) approve the requested service payments; (4) approve payment to the settlement administrator to administer the settlement; and (5) retain jurisdiction to enforce the settlement if necessary.

Respectfully submitted,

| COFFMAN LEGAL, LLC | NICOLA, GUDBRANSON & COOPER, LLC |
|---|---|
| */s/ Matthew J.P. Coffman*<br>Matthew J.P. Coffman (0085586)<br>Adam C. Gedling (0085256)<br>Kelsie N. Hendren (100041)<br>1550 Old Henderson Road<br>Suite 126<br>Columbus, Ohio 43220<br>Telephone: (614) 949-1181<br>Facsimile: (614) 386-9964<br>Email: mcoffman@mcoffmanlegal.com<br><br>*Attorneys for Named Plaintiff and similarly situated employees* | */s/ James H. Grove*<br>James H. Grove (0040815)<br>Amy B. Hamilton (0040268)<br>Landmark Office Tower<br>1400 Republic Building<br>25 W. Prospect Avenue<br>Cleveland, Ohio 44115<br>(216) 621-7227 - Telephone<br>(216) 621-3999 - Facsimile<br>Email: grove@nicola.com<br><br>*Attorneys for Defendant NTI Services, Corp.* |

## CERTIFICATE OF SERVICE

I hereby certify that on this 9th day of August 2021, a true and accurate copy of the forgoing was filed electronically. Notice of this filing will be sent to all parties by operation of the Court's electronic filing system. Parties may access this filing through the Court's system.

/s/ *Matthew J.P. Coffman*
Matthew J.P. Coffman

12